```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| LARRY M. WILLIAMS, | ) |
| Petitioner | ) |
| vs. | ) |
|  | ) Civil Action No. 05-677 |
| JAMES WYNDER and THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY and THE ATTORNEY GENERAL OF PENNSYLVANIA | ) Judge Gary L. Lancaster/ ) Magistrate Judge Amy Reynolds Hay |
| Respondents | ) |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the petition filed pursuant to 28 U.S.C. § 2254 be denied as untimely and that a certificate of appealability be denied.

### REPORT

Larry M. Williams ("Petitioner") is a state prisoner who seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Because his § 2254 petition was not filed timely, it should be denied.

On December 21, 2000, in a bench trial, Petitioner was found guilty of aggravated assault, weapons charge, tampering with evidence, resisting arrest and possession of a controlled substance. Doc. 10-2, at 2 - 3. The charges arose out of a Terry[1] stop, during which Petitioner attempted to stab a police

---

[1] Terry v. Ohio, 392 U.S. 1 (1968).

officer. Petitioner then appealed to the Superior Court, which affirmed. Doc. 10-2, at 30 - 39. Petitioner then filed a petition for allowance of appeal ("PAA") with the Pennsylvania Supreme Court, which denied the PAA on December 30, 2002. Doc. 10-3 at 26. Petitioner did not file a petition for certiorari to the United States Supreme Court.

On or about March 27, 2003, Petitioner filed a pro se Post Conviction Relief Act ("PCRA") petition. Doc. 10-3 at 31. Attorney Patrick Nightingale was appointed to represent Petitioner. Attorney Nightingale filed a no merit letter with the PCRA court, id., which dismissed the PCRA petition on June 4, 2003. Doc. 10-3 at 38. Petitioner apparently did not file an appeal to the Superior Court. However, he did file a second pro se PCRA petition on October 23, 2003, Doc. 10-3 at 39 - 45, which the PCRA court denied on November 5, 2003. Id. at 46. Petitioner then filed a third PCRA petition on July 27, 2004. Doc. 10-4 at 1-7. The PCRA court denied the third PCRA petition on July 30, 2004. On March 28, 2005, Petitioner then filed a pro se notice of appeal to the Superior Court. However, the appeal was not an appeal from the July 30, 2004 order of the PCRA court denying his third PCRA petition but it was an appeal of the November 5, 2003 order of the PCRA court denying his second PCRA petition. See Doc. 10-4 at 10. On April 26, 2005, the Superior Court quashed the appeal as untimely. Doc. 10-4 at 13.

Petitioner then sought to file a habeas petition in this court by requesting leave to proceed in forma pauperis. Petitioner signed his IFP application and habeas petition on May 17, 2005.

Petitioner's habeas petition raises two issues: (1) "insufficient evidence, Cmwlth's failure to meet the elements of the charge for aggravated assault and [(2)] ineffective assistance of counsel." Doc. 3 at ¶ 13.  The Respondents have filed an answer in which they raised the statute of limitations as well as the fact that Petitioner's claims are meritless. Despite having requested and been granted an extension of time in which to file a traverse, Petitioner has not done so.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA) which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254, is applicable to this case. <u>Werts v. Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000). The Respondents contend that the instant petition is untimely because it was not filed within one year of Petitioner's conviction becoming final.[2]

---

[2] For purposes of counting the running of AEDPA's one year statute of limitations, "year" means 365 days. <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001); <u>Stokes v. Miller</u>, 2000 WL 640697, at *2 (S.D.N.Y. May 18, 2000).

Petitioner was convicted on December 21, 2000.  His judgment of conviction did not become final until 90 days after the Pennsylvania Supreme Court denied his PAA, i.e., 90 days after December 30, 2002 which is March 30, 2003. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998).

Although one year from March 30, 2003 is March 30, 2004, because Petitioner properly filed a PCRA petition on March 27, 2003, the time during which the PCRA petition was pending tolls the one year AEDPA limitations period.[3]  See 22 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  See also Swartz v. Meyers, 204 F.3d 417, 420 (3d Cir. 2000) (the one year limitation period continues to be tolled during the period of taking a timely appeal from the denial of post-conviction relief and during the appellate court's consideration of the appeal).  The PCRA court denied the first PCRA petition on June 4, 2003.  Petitioner had 30 days in which to file his appeal to the Superior Court or until July 4, 2003.

---

[3] In addition, because Petitioner filed his PCRA petition before his judgment of conviction became final for AEDPA purposes, none of the one year period ran between December 30, 2002 and the date he filed his first PCRA petition, i.e., March 27, 2003.

4

See Pa. R.App. P. 903(a) (stating that notice of appeal must be filed within thirty days of entry of lower court order); see also Pa. R.Crim. P. 720(A)(3); Commonwealth v. Green, 862 A.2d 613, 615-18 (Pa.Super. 2004). The PCRA petition is deemed to be pending during this time of the 30 days in which to file an appeal even if an appeal is not filed. See Swartz v. Meyers, supra. As noted, Petitioner did not appeal to the Superior Court.

Hence, the first PCRA petition was "pending" until July 4, 2003, and ceased to be pending on July 5, 2003. Accordingly, AEDPA's one year statute of limitations began to run on July 5, 2003 and continued to run until October 22, 2003, the date before he filed his second PCRA petition. During that time period, a total of 109 of AEDPA's 365 days passed.

AEDPA's statute of limitations again began to run on November 6, 2003 and continued to run until the limitations period expired, which occurred on July 19, 2004. Adding the 256 days from November 6, 2003 to July 19, 2004, to the 109 days that had passed previously, July 19, 2004 is the 365th day after Petitioner's conviction became final for purposes of AEDPA. As noted, Petitioner is deemed to have filed the instant habeas corpus petition on May 17, 2005, nearly 10 months after AEDPA's statute of limitations had expired. Hence, his petition is untimely.

5

Should the district court adopt the instant Report and Recommendation, Petitioner may not take an appeal to the court of appeals unless a certificate of appealability issues. 28 U.S.C. § 2253(c). A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The

test is conjunctive and both prongs must be met.  See <u>Walker v. Government of the Virgin Islands</u>, 230 F.3d at 90.

Applying this standard to the instant case, this court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to comply with AEDPA's statute of limitations was correct.  Accordingly, a certificate of appealability should be denied.  Because of this conclusion, the court does not need to reach the other prong of the <u>Slack v. McDaniel</u> test, i.e., whether petitioner has made a substantial showing of a denial of a constitutional right.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                              Respectfully submitted,

                              <u>/s/ Amy Reynolds Hay</u>
                              AMY REYNOLDS HAY
                              United States Magistrate Judge

Dated:   8 March, 2006

cc:   The Honorable Gary L. Lancaster
     United States District Judge

Larry M. Williams
EN-5592
SCI Dallas
1000 Follies Road
Dallas, PA 18612

Rusheen R. Pettit, Esquire
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219